Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9273 | **DATE** | 2/27/2002 |
| **CASE TITLE** | Donnelley Marketing vs. Sullivan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 5-1) to dismiss is granted. We dismiss Donnelley's complaint in its entirety without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 8 2002 | 9 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |


DONNELLEY MARKETING, INC., a )
Delaware corporation, INFOUSA, INC., a )
Delaware corporation, and VINOD GUPTA, )
an individual, )
)
)
               Plaintiffs, )
)
vs. )   01 C 9273
)
FRANK SULLIVAN, an individual, )
)
               Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Frank Sullivan. For the reasons set forth below, the motion is granted.

### BACKGROUND

The complaint contains the following factual allegations, which we must accept as true for the purposes of this motion. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiff Donnelley Marketing, Inc. ("Donnelley") is a wholly owned subsidiary of Plaintiff InfoUSA, Inc. ("InfoUSA"), whose chief executive officer is Plaintiff Vinod Gupta ("Gupta") (collectively referred



to as "Donnelley"). Gupta is a known Democrat. Defendant Frank Sullivan ("Sullivan") is a Republican who, when the events at issue occurred, was the Vice President and General Manager of DataONE Direct, a division of Experian.

In July and August 2000, Plaintiff Donnelley and Experian placed bids with the Republican National Committee ("RNC") in an effort to be selected to perform file list development services. These services process confidential voter data information. The RNC ultimately chose Donnelley's bid, partly because it was lower than Experian's. Donnelley subsequently entered into an 18-month contract with the RNC. The contract with the RNC included a duty of confidentiality with respect to the voter information it gathered through its file list services.

On September 21, 2000, Sullivan wrote a letter to Brad Goodrich of the Illinois State Republican Party. In the letter, Sullivan stated that:

RNC's voter data information was being processed by a Democratic firm owned by a "Lincoln Bedroom" alumnus of the Bill Clinton era, and, as a result, this data is readily available to the DNC and its union allies;

I have never been subjected to such a flawed and underhanded process as the one I experienced over at the RNC; and

What else explains making our data so readily available to the enemy?

Sullivan also wrote that he "plan[ned] to send similar correspondence to the top [Republican] party contributors ... and elected officials."

On October 4, 2000, Donnelley's counsel sent Sullivan a letter demanding that he "retract the September 21, 2000 publication of each and every one of the ... false statements [he] made to Mr. Goodrich." Sullivan received the letter on October 11, 2000, but never responded to it. Donnelley filed suit on August 22, 2001 in the Circuit Court of Cook County, alleging defamation *per se* and violations of the Illinois Deceptive Trade Practices Act. Sullivan removed the case and now moves to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

A court should not dismiss the allegations of a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). At the motion to dismiss stage, doubts must be resolved in favor of the plaintiff. Action Repair, Inc. v. American Broadcasting Co., 776 F.2d 143 (7th Cir. 1985). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth

- 3 -

the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we address the motion before us.

## DISCUSSION

Donnelley's complaint has two counts: one for defamation *per se* and one for deceptive trade practices. Because our jurisdiction rests on the diversity of the parties, we apply the substantive law of Illinois. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

### Count I: Defamation *Per Se*

First, we address the legal viability of Donnelley's defamation claim. A statement is considered defamatory if it "tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him." Bryson v. News America Publications, Inc., 174 Ill. 2d 77, 87-88 (1996). Although a plaintiff can advance theories that defamation is either *per se* or *per quod*, Donnelley has chosen to assert only defamation *per se* in this case. Courts consider a statement to be defamatory *per se* if the actual words used are obviously and materially harmful on their face. Chicago City Day Sch. v. Wade, 697 N.E.2d 389, 393 (Ill. App. Ct. 1998). Allegedly defamatory statements must be read "in context, giving the words, and their implications, their natural and obvious meaning." Bryson, 174 Ill. 2d at 90. Statements falling into the *per se* category do not require allegations of actual reputational damage; because of the character of the statements, damage is presumed. Id. at 469-70. Even if a statement is deemed *per se* defamatory,

- 4 -

to form a viable claim it must also be actionable. Hopewell v. Vitullo, 701 N.E.2d 99, 103 (Ill. App. Ct. 1998). Statements that are reasonably capable of an innocent construction or that express an opinion protected by the First Amendment are not actionable. Bryson, 174 Ill. 2d at 90; Chapski v. The Copley Press, 92 Ill. 2d 344, 352 (1982). These issues are questions of law, resolvable on a motion to dismiss. Kolegas v. Heftel Broad. Corp., 154 Ill. 2d 1, 11 (1992); Quilici v. Second Amendment Found., 769 F.2d 414, 417 (7th Cir. 1985).

Illinois law considers five types of statements to be defamation *per se*. They are statements that impute: (1) the commission of a crime; (2) infection with a communicable disease; (3) inability to perform or want of integrity in the discharge of duties of office or employment; (4) prejudice to a party in his or her profession or trade; and (5) false accusations of fornication or adultery. Bryson, 174 Ill. 2d at 87. In the present case, Donnelley argues that Sullivan's comments fall into the fourth category. In response, Sullivan contends that this statement is not actionable because it can be innocently construed.

Illinois's innocent construction rule provides that a court consider whether an arguably defamatory statement, when read in context, can be construed in a nondefamatory way. Id. Although only reasonable constructions will be entertained, if a reasonable innocent construction exists, we are required to conclude that the statement is not actionable defamation. Id.; Dubinsky v. United Airlines Master Executive Council, 708 N.E.2d 441, 447 (Ill. App. Ct. 1999).

Donnelley has asserted only defamation *per se*, so we must focus solely on the words contained within the letter. Chicago City Day Sch. 697 N.E.2d at 393. A literal reading of the statements Sullivan made reveals that they are susceptible of at least two plausible constructions: that Donnelley has divulged the RNC's information to third parties or that they will, or that their access to the confidential information makes them capable of breaking that confidence even if they never actually do. The second interpretation does not imply any wrongdoing or mishandling by Donnelley; any party entrusted with confidential information can choose to air that information, despite the potential consequences of doing so. However, stating that a person has the capability to divulge secret information is not the same as saying that the person actually has or will. This is a critical distinction, because it means that Sullivan's letter can be reasonably read in two ways, one defamatory and one innocent. Our inquiry is therefore at an end; we must choose the innocent meaning and conclude that Sullivan's comments are not actionable and that Count I does not state a claim upon which relief can be granted. Bryson, 174 Ill. 2d at 90.[1]

**Count II: Deceptive Trade Practices**

Illinois's Deceptive Trade Practices Act states that "a person engages in deceptive trade practice when ... the person disparages the goods, services, or business of another by false or misleading representation of fact." 815 ILCS 510/2(8). The statute in

---

[1] In light of our conclusion that the innocent construction rule applies to this case, we need not address the First Amendment issue that Sullivan raises.

essence codifies the common-law tort of commercial disparagement. Crinkley v. Dow Jones & Co., 385 N.E.2d 714, 719 (Ill. App. Ct. 1978).

As a preliminary matter, we note that although the existence of a cause of action for commercial disparagement is a matter of some debate among the Illinois appellate courts. Compare Becker v. Zellner, 684 N.E.2d 1378, 1387-88 (Ill. App. Ct. 1997) (noting that the Second District does not recognize the tort of disparagement) with Soderlund Bros. Inc. v. Carrier Corp., 663 N.E.2d 1, 10 (Ill. App. Ct. 1995) (recognizing the tort within the First District) and Suhadolnick v. City of Springfield, 540 N.E.2d 895, 912-13 (Ill. App. Ct. 1989) (same, within the Fourth District). It is undisputed that the clear language of 815 ILCS 510/2(8) forbids disparagement of the services of another by false or misleading representations of fact, and our research has revealed no definitive ruling from the Illinois Supreme Court resolving the disagreement among the districts on the issue. We therefore cannot say that commercial disparagement no longer exists in Illinois.

The continued existence of the tort does not automatically lead to the conclusion that Donnelley has alleged a cognizable claim. In order to claim disparagement, Donnelley must argue that the statements contained in Sullivan's letter disparaged the quality of its services. Allcare, Inc. v. Bork, 176 Ill. App. 3d 993, 999 (Ill. App. Ct. 1988). Although a single statement can be both defamatory and disparaging, the two causes of action involve injuries to different interests, and are therefore separate and distinct. Crinkley v. Dow Jones & Co., 67 Ill. App. 3d 869, 877 (Ill. App. Ct. 1978).

The former involves the character of the business, whereas the latter requires aspersions on the product. Id., at 876. Donnelley's argument is in essence that Sullivan's statements impugn its business integrity, so they must consequently imply that the services it supplies are inadequate. However, as the court recognized in Crinkley, one conclusion does not necessarily follow from the other. Even considered in the light most favorable to Donnelley, Sullivan's comments do not indicate that the file list development services Donnelley provided were "substandard, negligent, or harmful." Cogniplex, Inc. v. Ross, 2001 WL 436210, *6 (N.D. Ill. 2001). Instead, the statements in the letter suggested only that Donnelley was in a position to disseminate the RNC's voter information to unauthorized third parties. This is not a smear on the work provided by Donnelley; at worst, it is an allegation of unauthorized use, which standing alone does not support a claim of commercial disparagement. Id. at *6. Accordingly, the allegations of Count II do not state a claim upon which relief can be granted, and it is dismissed.

## CONCLUSION

For the foregoing reasons, we dismiss Donnelley's complaint in its entirety without prejudice.

_____
Charles P. Kocoras
United States District Judge

Dated:     February 27, 2002